UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UWIMANA ZAKIYA,<br><br>Plaintiff<br><br>v.<br><br>STATE OF NEVADA, on relation of the DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF WELFARE AND SUPPORTIVE SERVICES,<br><br>Defendant | Case No.: 2:18-cv-00846-APG-PAL<br><br>**Order (1) Granting Defendant's Motion to Dismiss and (2) Granting Plaintiff Leave to Amend**<br><br>[ECF No. 6] |

Plaintiff Uwimana Zakiya sues the State of Nevada ex rel Department of Health and Human Services, Division of Welfare and Supportive Services (DWSS) for sexual harassment and retaliation under 42 U.S.C. §§ 2000e-2(a)(1)-(2) and 42 U.S.C. § 2000e-3(a). Zakiya alleges that in May and June 2016, her then supervisor, Josimar Castillo Cordoba, sexually harassed her. Zakiya further alleges that when she reported the conduct to her subsequent supervisor, Brittany Gilbreath, Gilbreath retaliated against her by sharing information about the situation with another supervisor and Zakiya's co-workers.

DWSS moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Zakiya failed to exhaust her administrative remedies and failed to allege facts sufficient to state a claim. I grant DWSS's motion with leave for Zakiya to amend her complaint if she can add more facts to support her claims.

## I. BACKGROUND

DWSS hired Zakiya in April 2016. ECF No. 1 at 2. On February 8, 2018, Zakiya submitted a charge of discrimination with the Equal Employment Opportunity Commission

(EEOC), in which she alleged that she was (1) sexually harassed by a co-worker; (2) discriminated against based on her disability, in violation of the Americans with Disabilities Act of 1990; and (3) retaliated against for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964. ECF No. 6-1 at 2. The EEOC issued Zakiya a right to sue notice on February 9, 2018, and she timely filed the complaint on May 11, 2018. *Id.* at 4; ECF No. 1.

In her complaint, Zakiya alleges that in May and June 2016, she suffered ongoing sexual harassment from her supervisor at that time, Cordoba. *Id.* at 2. Zakiya alleges Cordoba made several unwelcome sexual advances, including rubbing her back and shoulders, pressing up against her with his body, and sending her lewd text messages. *Id.* Sometime later, Gilbreath became Zakiya's supervisor and Zakiya reported Cordoba's inappropriate conduct to her. *Id.* at 2-3. Cordoba continued to harass Zakiya, and Gilbreath reported his conduct to her supervisor. *Id.* at 3.

Zakiya alleges that everyone in the office began discussing the sexual harassment and even new employees mentioned the harassment to her. *Id.* Zakiya confronted Gilbreath about sharing the information with her co-workers and ultimately left the office for the remainder of that day due to stress. *Id.* After Zakiya left, an email was sent to all employees asking them to report whether they had seen her. *Id.* Zakiya claims that the stress she suffered was the result of Cordoba's harassment, Gilbreath's conduct in spreading the information around the office instead of addressing the problem with Cordoba, and the hostile work environment created in retaliation for her report of Cordoba's conduct. *Id.* at 3-4. She alleges the stress was so severe that she attempted suicide. *Id.*

Based on these allegations, Zakiya asserts two claims. First, she alleges Cordoba sexually harassed her "on a continuing and regular basis." *Id.* at 4. Second, she asserts Gilbreath

retaliated against her for complaining about Cordoba's conduct by telling others about it and creating a hostile work environment. *Id.* at 4.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide a "short and plain statement of the claim[s] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must "contain[] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (internal quotation marks and citation omitted).

I apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, I must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported by only conclusory statements, do not suffice. *Id.* at 678.

Second, I must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow me to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but it has not shown–that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and citations omitted). When the claims

have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires [me] to draw on [my] judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. ANALYSIS

### A. Failure to Exhaust

DWSS argues that Zakiya failed to exhaust her administrative remedies because the complaint alleges conduct that occurred more than 300 days before she filed her EEOC charge and the complaint's allegations are not reasonably related to the allegations made in the EEOC charge. Zakiya responds that her complaint is timely because it was filed within 90 days of receiving a notice of right to sue from the EEOC.

To exhaust administrative remedies, the claimant must file a claim either with the EEOC within 180 days of the discriminatory act or with an equivalent state agency like the Nevada Equal Rights Commission (NERC) within 300 days of the act.[1] *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1106 (9th Cir. 2018). The claimant must then file a civil lawsuit within 90 days of receiving a right to sue notice. *Id.* If a plaintiff does not file a charge within 180 or 300 days of the alleged incident, that plaintiff's lawsuit is likely to be barred for failure to exhaust administrative remedies. *Ariz. ex rel. Horne v. Geo Grp. Inc.*, 816 F.3d 1189, 1202 (9th Cir. 2016). Exhaustion is a "jurisdictional prerequisite," and "[t]he jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (quotation

---

[1] *See* 42 U.S.C. § 2000e-5(e)(1). Zakiya filed her charge with the NERC. ECF No. 6-1 at 2. The 300-day limitation period therefore applies.

4

omitted). "The district court has jurisdiction over any charges of discrimination that are like or reasonably related to the allegations in the EEOC charge, or that fall within the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* (quotation omitted).

In her complaint, Zakiya alleges that Cordoba sexually harassed her between May and June of 2016. ECF No. 1 at 3. She filed her charge with the NERC well over 300 days later, on February 8, 2018. ECF No. 6-1. Because the complaint is largely devoid of dates, it is unclear whether Zakiya alleges Cordoba engaged in any harassing conduct that occurred within the 300-day limit. The complaint also does not state when Zakiya complained to her supervisor or when Gilbreath allegedly retaliated. Although Zakiya claims that she was harassed on a "normal basis," she does not provide a time frame. Thus, it is not clear whether she timely filed a charge with the NERC for the conduct alleged in her complaint. Consequently, it is unclear whether Zakiya has exhausted her administrative remedies with respect to the allegations in her complaint. I therefore dismiss the complaint with leave to amend.

**B. Retaliation**

Although I have dismissed the retaliation claim, because I am granting leave to amend I will address DWSS's argument that this claim is also defective because Zakiya fails to allege sufficient facts to state a plausible claim. Zakiya argues that the factual allegations, taken as true, are sufficient to establish a prima facie case for retaliation.

To state a retaliation claim under Title VII, Zakiya must allege that: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there exists a causal link between the two. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Reporting

5

conduct to a supervisor constitutes protected activity under the statute. *Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000).

Harassment may constitute an adverse employment action for a retaliation claim. *Id.* at 1245. However, "[n]ot every insult or harassing comment will constitute a hostile work environment." *Id.* Rather, the harassing behavior must be severe and pervasive enough to create an abusive environment that rose to such a level that it would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). To determine whether harassment reaches the level of an adverse employment action, I consider the totality of the circumstances, including the type, frequency, severity, and impact of the discriminatory conduct. *Ray*, 217 F.3d at 1245.

To establish a causal link, the plaintiff must allege facts sufficient to infer that the protected activity was "the likely reason" for the adverse action. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1094 (9th Cir. 2008). A causal link may be inferred from facts that demonstrate a proximity in time between the protected activity and the alleged retaliation. *Id.*

Accepting as true all well-pleaded factual allegations, Zakiya engaged in a protected activity when she reported sexual misconduct to her supervisor. However, she has not made sufficient factual allegations for me to determine whether she suffered an adverse employment action or if there is a causal connection between her protected activity and a retaliatory act.

Zakiya claims that she was harassed on a "normal basis," that Gilbreath relayed information about her sexual harassment claim to another supervisor, that everyone in the office was gossiping about her, and that a mass email was sent to her co-workers asking them to report her whereabouts to a supervisor. ECF No. 1 at 3. However, Zakiya does not allege any facts about that conduct, such as the content of the gossip or the words or actions that she contends are

6

harassing. Nor does she provide a time frame for these incidents. Instead, she alleges in conclusory fashion that the unidentified conduct was harassing, which does not sufficiently allege that the behavior of Zakiya's supervisor and co-workers constituted an adverse employment action.

Additionally, Zakiya does not allege any facts, such as dates or a time frame, that would demonstrate a temporal proximity or otherwise support a causal connection between the protected activity and the alleged adverse acts. Without factual allegations describing the acts and when they occurred, I cannot make an inference as to how the alleged acts are connected to the protected activity. I therefore grant DWSS's motion to dismiss the retaliation claim.

## IV. AMENDMENT

Rule 15 requires district courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation omitted).

It is unclear whether Zakiya has exhausted her administrative remedies. Additionally, Zakiya has not alleged facts sufficient to plausibly state her retaliation claim. However, it is possible that the pleading could be cured by inclusion of additional facts. Therefore, I grant Zakiya leave to amend her complaint.

## V. CONCLUSION

IT IS THEREFORE ORDERED that DWSS's motion to dismiss (**ECF No. 6**) is **GRANTED**.

IT IS FURTHER ORDERED that on or before December 17, 2018, plaintiff Uwimana Zakiya shall file an amended complaint correcting the deficiencies identified in this order if facts exist to do so.

DATED this 27th day of November, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE