1  AARON D. FORD
   Attorney General
2  LINDA C. ANDERSON
   Deputy Attorney General
3  Nevada Bar No. 4090
   555 E. Washington Ave., Ste. 3900
4  Las Vegas, Nevada 89101
   Telephone: (702) 486-3077
5  Fax: (702) 486-3871
   Email: landerson@ag.nv.gov
6  Attorneys for State of Nevada

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UWIMANA ZAKIYA,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA ex rel. DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF WELFARE AND SUPPORTIVE SERVICES,<br><br>        Defendant. | Case No.: 2:18-cv-00846-APG-PAL<br><br>**STIPULATION AND (PROPOSED) PROTECTIVE ORDER** |

    1. To the extent that relevant, non-privileged material contained in the state employee personnel records maintained by the Department of Health and Human Services and Division of Welfare and Supportive Services (the "Division") may be discoverable in this action, the parties stipulate that this Court may find, and this Court does so find, that such material may be necessary for the determination of an issue before the Court and, therefore, may be disclosed to the Court and to the attorneys representing the Plaintiff and Defendant, provided that such disclosure occurs only in strict accordance with the terms of this Order.

    2. The parties to this action submit this Stipulation and Protective Order (hereinafter "Order") solely for the purpose of facilitation the exchange of documents and information between the parties in this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or documents under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing

obligation of any party or absence thereof.

3. The parties define "State personnel records" as the personnel records identified in Nevada Administrative Code ("NAC") 284.718. The parties acknowledge, and the Court finds, that State personnel records of current and former state employees, which are the subject of this Confidentiality Stipulation and Order (referred to herein as "Confidentiality Order" or "Order"), contain information that is generally protected from disclosure to the public by NAC 284.718, and that all such information should be and hereby is deemed confidential and may not be discussed with or disclosed, either orally or in writing, to anyone not a party to this litigation, including but not limited to third parties or publication media in any format, except in strict accordance with the provisions of this Confidentiality Order. This Order does not apply to policies and procedures of the Division or other personnel records not included in NAC 284.718 and which are otherwise deemed public records.

4. Information contained in the State's personnel records which is deemed confidential pursuant to Nevada Administrative Code and which is the subject of this Confidentiality Order or pursuant to any subsequent Court Order, shall be used only for pretrial proceedings in this litigation, preparation for trial, the trial of this action, any post-trial proceedings and any appeal, subject to the terms of this Order, and shall not be used without the express written consent of the Division or its counsel.

5. The parties may not disclose or discuss any confidential material or information produced pursuant to this Confidentiality Order to any person other than the Court and Court personnel; Court reporters and stenographic reporters working in this matter; attorneys engaged in the prosecution and defense of this action including the regular staff of all such attorneys; the parties, experts and consultants retained by the parties for purposes of this litigation; witnesses and their counsel at depositions or at any hearing or trial held herein or in connection with preparation for such hearing or trial; employees of a party, expert or consultant to the extent reasonably deemed necessary by counsel for the purpose of assisting in the prosecution or defense of this action, and only on the condition set forth in paragraph 5 below.

6. If a party provides any person other than the Court and its staff, a party, counsel for a party, or a direct employee of such counsel, access to information pursuant to paragraph 5 hereof, without the express written consent of the Division or its counsel, the providing party shall give a copy of this Order

to the person given access to the information and obtain a signed statement of confidentiality. Such persons shall be bound by this Order and shall not disclose the information to any persons not authorized under state or federal law or order of this Court to receive such information.

7. Unless otherwise ordered by the Court, any electronic or paper filing with the Court that contains an individual's social-security number, taxpayer-identification number or birth date, the name of an individual known to be a minor, or a financial account number will comply with Fed. R. Civ. P. 5.2.

8. Any willful violation of the terms of this Confidentiality Order may result in sanctions to be determined by the Court upon motion, up to and including exclusion from evidence of information released or communicated in violation of this Confidentiality Order.

9. At the conclusion of this case, all discovery material produced pursuant to this Confidentiality Order, or another Court Order, all documents reflecting such material, and all copies thereof (including without limitation, copies provided to testifying or consulting experts or consultants) shall be returned to the person or party that produced the confidential material, or, in the alternative, destroyed and certified in writing to the person or party that produced the confidential material that the documents were destroyed. Notwithstanding the foregoing, counsel may retain, until the expiration of the statute of limitations applicable to attorney malpractice, including any period for which the statute may be tolled, a copy of the confidential material produced in this case and any attorney work product reflecting confidential material.

10. The Confidentiality Order and any of the related Statements of Confidentiality executed hereunder, shall remain in force and effect in perpetuity and shall survive this litigation.

11. The parties acknowledge that the parties have stipulated to the terms of this Confidentiality Stipulation and Order, intending that it shall govern disclosures of material from records of the Division, unless and until such time as the Court modifies this Order. Nothing contained herein is intended to limit the parties' access to the Court or their ability to seek or modify this Order.

Dated this 15th day of January, 2019.

By: /s/ Angela Lizada
ANGELA LIZADA, Esq.

AARON D. FORD
Attorney General

By: /s/ Linda C. Anderson
Linda C. Anderson
Chief Deputy Attorney General

## ORDER

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that,

The state employee personnel records which may be maintained by the Department of Health and Human Services and Division of Welfare and Supportive Services, and which may be discoverable in this action, are confidential and may be released and disclosed in this litigation, *Zakiya v. State, et al.*, United States District Court Case No. 2:16-CV-00846-APG-PAL, only in accordance with the terms and provisions of the foregoing Stipulation, said terms and provisions being incorporated into this Order by this reference as though fully set forth herein.

IT IS SO ORDERED this 16 day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

Submitted by:

AARON D. FORD
Attorney General

By: */s/ Linda C. Anderson*
Linda C. Anderson
Deputy Attorney General
Bar No. 4090
555 East Washington Ave, Suite 3900
Las Vegas, Nevada 89101